■ BANK LEUMI TRUST COMPANY OF NEW YORK, Respondent, v BARON-FELDMAN, LTD., et al., Appellants. [596 NYS2d 367] —Order, Supreme Court, New York County (Walter Schackman, J.), entered June 3, 1992, which, inter alia, granted in part plaintiff's motion for summary judgment in lieu of complaint, unanimously reversed, on the law, to the extent appealed from, and the motion denied, with costs.

Appeal from order of the same court and Justice, entered October 19, 1992, which denied defendants' motion for reargument and renewal, dismissed as academic.

This is an action upon two promissory notes executed and delivered to plaintiff by defendant corporation, payment of which was purportedly guaranteed by the latter's three indi-

vidual defendant principals: a so-called "grid note" in the sum of $350,000, dated September 27, 1990; and a so-called "discount note" in the sum of $700,000, dated April 11, 1991. The IAS Court concluded that defendants had raised a triable issue with respect to payment and discharge of the grid note, but found that plaintiff was entitled to summary judgment on the discount note, primarily on the ground that defendants had failed to establish a "waiver" defense. In our view this was a misperception of defendants' position, which in actuality amounted to proof that the discount note was also paid.

In support of their defense of payment, defendants cited two transactions: (i) Delivery to plaintiff of "customer notes" in favor of the debtor corporation in the sum of $211,169.21, and (ii) two "September notes" dated September 13, 1991, executed by the corporation and delivered to plaintiff in the combined sum of $487,210.67, the grand total of which is $698,379.88.

We note that the IAS Court took no account whatever of the customer notes, and that plaintiff has never accounted for the payments received by it from this source.

To be sure, plaintiff argues that the above payment was to be applied in reduction of a separate corporate indebtedness based on alleged checking account overdrafts. It will suffice to say here that the records offered by plaintiff do not conclusively support this contention, and the conflict simply presents another triable issue of fact to be clarified by discovery. Concur—Sullivan, J. P., Wallach, Kupferman, Kassal and Rubin, JJ.